J-A10043-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| TYMIER MCPHERSON | : | |
| | : | |
| Appellant | : | No. 1067 EDA 2023 |

Appeal from the PCRA Order Entered March 31, 2023
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0000496-2017

BEFORE: PANELLA, P.J.E., BECK, J., and COLINS, J.[*]

MEMORANDUM BY COLINS, J.: **FILED OCTOBER 1, 2024**

Appellant, Tymier McPherson, appeals from the order dismissing his petition filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S. § 9541, *et seq.*, in which he claimed that his former counsel provided ineffective assistance in connection with his entry of a guilty plea to third-degree murder, conspiracy, and carrying a firearm without a license.[1] His present counsel has petitioned to withdraw from representation under **Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988), and **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988) (*en banc*). Upon review, we affirm and grant counsel's petition to withdraw.

---

[*] Retired Senior Judge assigned to the Superior Court.

[1] 18 Pa.C.S. §§ 2502(c), 903, and 6106(a)(1), respectively.

On direct review, we adopted the following summary of the underlying facts, provided by the lower court:

A series of videos collected from the area of 15th and Venango, in Philadelphia[,] Pa., from November 21st of 2016, at approximately 2:15 p.m., show two men walking back and forth on the corner of 15th and Venango for approximately three minutes. At that time, a white minivan pulls up. The male identified as [Appellant], pulls a ski mask over a portion of his face, approaches the van and fires repeatedly into the van with a gun that he pulls from the pocket of his pants. The male with [Appellant] also fires a gun into the van. [Appellant's] gun locks back and he and his co-conspirator then run down Venango toward 16th Street. The van proceeds through the 15th Street intersection and crashes into a fence.

[Appellant] is seen on video wearing a distinctive black jacket; a puffy down type jacket, grey or light colored sweatpants with diagonal zippers on each leg and black material around those zippers, a black cord hanging down in the front of his pants[,] and dark boot type Nike sneakers.

Police Officer Rillera responded to the scene and saw a male, later identified as Ramell Dorsey, exiting the van. Dorsey was suffering from gunshot wounds. In the driver seat was a male, later identified as Gerald Stewart, who was suffering from multiple gunshot wounds, including one to the head. Mr. Stewart was pronounced deceased at Temple Hospital. Mr. Dorsey was treated for a fracture to his tibia and to his collarbone as a result of gunshot wounds. Mr. Dorsey survived his injuries.

A woman living approximately one block from the crime scene called police dispatch stating that after she heard shots fired, she saw two males approach an abandoned house on N. 16th Street and place something in the back window. She gave a description [that] matched the clothing that [Appellant] was wearing. Police recovered two .45 caliber guns and a ski mask from that location. One hour later, [Appellant] was apprehended attempting to climb a fence to get out of the backyard of that property.

After being read his **Miranda**[4] warnings, [Appellant] gave a statement to Detective Centeno from the Homicide Unit admitting

that he shot at both victims in retaliation for prior bullying incidents.

[4 *See Miranda v. Arizona*, 384 U.S. 436 (1966).]

Ballistics evidence confirmed that the weapons recovered from the abandoned property matched fired cartridge casings recovered from the shooting scene.

*Commonwealth v. McPherson*, 2021 WL 296694, *1 (Pa. Super., filed Jan. 28, 2021) (citing Plea Court Opinion, 6/15/20, 2-3).

On December 11, 2017, Appellant entered a guilty plea to the above-referenced offenses. N.T. 12/11/17, 51-52. In exchange for the plea, the Commonwealth declined to pursue a conviction for first-degree murder and agreed to recommend an aggregate sentence of twenty-five to fifty years' imprisonment, with the possibility of a lower sentence pending Appellant's potential cooperation with the prosecution of his conspirator. *Id.* at 5-7, 26-27, 29, 33-35. Sentencing was deferred for the preparation of a pre-sentence investigation report. *Id.* at 52. On September 5, 2018, the plea court imposed an aggregate imprisonment term of twenty-five to fifty-years.[2]

Appellant timely filed post-sentence motions seeking the withdrawal of his plea and the reconsideration of his sentence. Motion to Withdraw Plea, 9/17/18, 1-3; Motion for Reconsideration of Sentence, 9/17/18, 1-2. Following the denial of those motions, Appellant filed an untimely appeal. Notice of Appeal, 11/17/18, 1. After this Court quashed that appeal,

---

[2] The aggregate prison term included twenty to forty years for third-degree murder, a consecutive term of five to ten years for conspiracy, and no further penalty for the firearms offense. Sentencing Order, 9/5/18, 1.

- 3 -

Appellant's direct appeal rights were reinstated following his filing of a PCRA petition. Quashal Order, 5/1/19, 1; Reinstatement Order, 2/26/20, 1. On direct review, Appellant challenged the denial of his motion to withdraw his plea. *McPherson*, 2021 WL 296694, at *2. On January 28, 2021, we affirmed the judgments of sentence. *Commonwealth v. McPherson*, 248 A.3d 515 (Pa. Super. 2021) (table). On July 13, 2021, our Supreme Court denied Appellant's petition for allowance of appeal. *Commonwealth v. McPherson*, 258 A.3d 1146 (Pa. 2021) (table).

On July 8, 2022, Appellant filed a counseled PCRA petition in which he claimed that his plea was "not knowing, intelligent[,] and voluntary" because:

> a. [He] was led to believe that by cooperating and pleading guilty in June 2018, that before his sentencing in September of that same year, he would obtain mitigation which would have led to a lesser sentence than [he] received or a lower recommendation from the Commonwealth[; and]
>
> b. [He] was induced by his counsel's advice and the Commonwealth's out-of-court averments to plead guilty with the assured-belief that he would receive a sentence less than 25 to 50 years['] incarceration as was imposed here.

PCRA Petition, 7/8/22, ¶ 12(a)-(b) (internal quotation marks omitted). After the Commonwealth filed a motion to dismiss the petition, the PCRA court issued a dismissal notice pursuant to Pa.R.Crim.P. 907, no defense response was filed, and the court dismissed the petition. Motion to Dismiss, 1/3/23, 1-10; Rule 907 Dismissal Notice, 3/1/23, 1-6; Dismissal Order, 3/31/23, 1. The court determined that an involuntary plea claim was previously litigated on

- 4 -

direct review. Rule 907 Dismissal Notice, 3/1/23, 2. It also determined that a related ineffective assistance claim was meritless because Appellant did not make a proffer concerning any "off-the-record" assurances by his plea counsel, his plea colloquy belied the role of any such assurances in the entry of his plea, and, in any event, he failed to fulfill the terms of his cooperation agreement and thus was not entitled to the benefit of a lower sentence. *Id.* at 3-6. This timely appeal followed.[3] Notice of Appeal, 4/18/23, 1.

As noted above, Appellant's counsel has filed a *Turner*/*Finley* brief along with a petition to withdraw from representation. Before considering any substantive claims raised, we must first ascertain counsel's compliance with the technical requirements for withdrawal under *Turner*/*Finley*. *Commonwealth v. Walters*, 135 A.3d 589, 591 (Pa. Super. 2016) (citation omitted). "A *Turner*/*Finley* brief must: (1) detail the nature and extent of counsel's review of the case; (2) list each issue the petitioner wishes to have reviewed; and (3) explain counsel's reasoning for concluding that the petitioner's issues are meritless." *Commonwealth v. Knecht*, 219 A.3d 689, 691 (Pa. Super. 2019). The counsel seeking to withdraw must send to the petitioner: "(1) a copy of the 'no merit' letter/brief; (2) a copy of counsel's petition to withdraw; and (3) a statement advising [the] petitioner of the right

---

[3] Present defense counsel was appointed to represent Appellant as this appeal was pending. Short Certificate, 5/12/23, 1. Counsel timely filed a court-ordered concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b). Rule 1925 Order, 5/11/12, 1; Rule 1925(b) Statement, 6/1/23, 1-2.

to proceed *pro se* or by new counsel." ***Walters***, 135 A.3d at 591 (citation omitted). Only after this Court concludes that counsel has satisfied the demands for withdrawal under ***Turner*/*Finley*** may we conduct our own review of the merits of the case. ***Walters***, 135 A.3d at 591. "If [we] agree[] with counsel that the claims are without merit, [we] will permit counsel to withdraw and deny relief." ***Id.*** "By contrast, if the claims appear to have merit, [we] will deny counsel's request and grant relief, or at least instruct counsel to file an advocate's brief." ***Commonwealth v. Wrecks***, 931 A.2d 717, 721 (Pa. Super. 2007).

Here, counsel notes in the ***Turner*/*Finley*** brief that he is "unfortunately constrained to conclude that the PCRA [c]ourt's analysis of this case and the issues [he] attempted to preserve are correct." Appellant's Brief at 4. He also confirms that he reviewed the entire record in this case. ***Id.*** at 2. After providing a factual and procedural summary for the case, counsel identifies the claims included in the underlying PCRA petition. ***Id.*** at 5-10. Counsel notes that Appellant did not include what was said in the "off the record" discussions with plea counsel that were the alleged basis of the claims in the petition, and he did not make any proffer as to what plea counsel would have testified to at any hypothetical evidentiary hearing. ***Id.*** at 10-11. Counsel then reviews the PCRA court's stated reasons for denying the claims presented below, agreeing that that the voluntariness challenge to the guilty plea was previously litigated and the related plea inducement/ineffective assistance of counsel claim was meritless for being unsupported by a proffer as to

Appellant's "off the record discussions" with his plea counsel and contradicted by Appellant's averments in his guilty plea colloquy.  *Id.* at 14-19.

Counsel confirms in the conclusion of the ***Turner/Finley*** brief that he served Appellant with a copy of the brief along with correspondence advising Appellant of his right to proceed *pro se* or with the assistance of privately retained counsel.  Appellant's Brief at 20.  A copy of the letter, that is attached to the brief, references counsel's enclosure of the brief and his petition to withdraw as counsel for Appellant's review.  Correspondence to Appellant, 10/15/23, 1, included as Attachment C to Appellant's Brief.  As to the notice of Appellant's right to take further actions on his own or with the assistance of newly retained counsel, counsel advised Appellant: "If the Superior Court grants my motion to withdraw from representing you, you have the right to proceed *pro se* (*i.e.*, on your own) or to retain counsel for further proceedings, which could include filing a response to my ***Turner/Finley*** letter."  ***Id.***

On October 23, 2023, we entered a *per curiam* order directing counsel provide Appellant with a new letter that explained the right to proceed *pro se* or with privately retained counsel was an immediate right.  ***See Commonwealth v. Muzzy***, 141 A.3d 509, 512 (Pa. Super. 2016) (clarifying that counsel's letter to the client shall inform the PCRA petitioner that upon the filing of the petition to withdraw, the client has the immediate right to proceed in the appeal *pro se* or through privately retained counsel).  On November 6, 2023, counsel sent this Court a copy of a new, compliant letter that he sent to Appellant.  Correspondence to Appellant, 11/6/23, 1, attached

- 7 -

to Response to Order, 11/6/23 ("I write now to clarify that you have the immediate right to proceed *pro se* or with privately retained counsel in light of the Motion to Withdraw I had previously filed in the Superior Court and sent to you."). Appellant did not respond to present counsel's filings with this Court. With the filing of the new letter properly informing Appellant of his right to take immediate action on his own behalf, we conclude that present counsel has substantially complied with the technical requirements necessary for withdrawal and we may independently review the merits of the claims raised in the ***Turner*/*Finley*** brief. ***Walters***, 135 A.3d at 591; ***see also Commonwealth v. Karanicolas***, 836 A.2d 940, 947 (Pa. Super. 2003) (substantial compliance with the requirements to withdraw will satisfy the ***Turner*/*Finley*** criteria).

"This Court's standard of review regarding an order denying a petition under the PCRA is whether the determination of the PCRA court is supported by the evidence of record and is free of legal error." ***Commonwealth v. Colon***, 230 A.3d 368, 374 (Pa. Super. 2020) (citation omitted).

"A criminal defendant has the right to effective counsel during a plea process as well as during trial." ***Commonwealth v. Rathfon***, 899 A.2d 365, 369 (Pa. Super. 2006) (citation omitted). However, "[a]llegations of ineffectiveness in connection with the entry of a guilty plea will serve as a basis for relief only if the ineffectiveness caused the defendant to enter an involuntary or unknowing plea." ***Commonwealth v. Hickman***, 799 A.2d 136, 141 (Pa. Super. 2002) (citation omitted). Moreover, "Pennsylvania law

presumes counsel has rendered effective assistance." ***Commonwealth v. Mullen***, 267 A.3d 507, 512 (Pa. Super. 2021).

Upon reviewing the certified record, the filings of the parties, and the PCRA court's opinions, we agree with the determinations of the lower court which led it to dismiss Appellant's post-conviction petition. The PCRA court properly rejected a general challenge to the voluntariness of Appellant's plea as previously litigated. N.T. 3/1/23, 4-5. A PCRA petitioner must plead and prove by a preponderance of the evidence, *inter alia*, that his "allegation of error has not been previously litigated or waived." 42 Pa.C.S § 9543(a)(3). A claim is previously litigated if "the highest court in which the petitioner could have had review as a matter of right has ruled on the merits of the issue." 42 Pa.C.S. § 9544(a)(2). Here, we already held on direct review that Appellant was not entitled to relief on a claim challenging the denial of his post-sentence motion to withdraw his guilty plea on the basis that the plea was involuntarily, unintelligently, and unknowingly entered. ***See McPherson***, 2021 WL 296694, at \*2 (adopting plea court's opinion finding that Appellant, *inter alia*, "knowingly, intelligently, and voluntarily entered the negotiated guilty plea"). Where Appellant previously litigated the voluntariness of his plea on direct appeal, the PCRA court was mandated to reject as previously litigated a new post-conviction challenge directly challenging the voluntariness of the plea. ***See Commonwealth v. Hutchins***, 760 A.2d 50, 55 (Pa. Super. 2000) ("A PCRA petitioner cannot obtain PCRA review of previously litigated claims decided adversely to him in his direct appeal simply by presenting those claims

again in a PCRA petition and setting forth new theories of relief in support thereof.").

Whereas a direct challenge to the voluntariness of Appellant's plea was previously litigated, a related claim that ineffective assistance from plea counsel caused him to enter an involuntary plea was distinct from the previously litigated issue and could be advanced on collateral review. *See* ***Commonwealth v. Collins***, 888 A.2d 564, 573 (Pa. 2005) (recognizing that we must consider and analyze an ineffective assistance claim as a "distinct legal ground" for PCRA review). The PCRA court thus properly reached the substantive merits of Appellant's ineffective assistance/plea inducement claim.

The PCRA court's stated reasons for denying the related ineffectiveness claim were two-fold. First, Appellant failed to meet his pleading burden for the claim because he failed to elaborate on the advice or "off-the-record assurances" of a guaranteed lower sentence that prior counsel supposedly expressed to him to induce his plea, or otherwise proffer supporting evidence that could be presented at an evidentiary hearing. N.T. 3/1/23, 13-14, 16-17. Second, the content of Appellant's oral guilty plea colloquy belied his ineffective assistance of counsel claim and he was bound by his statements made in his colloquy. ***Id.*** at 16. We agree with the PCRA court that these reasons for dismissing the petition were supported by the record and that Appellant's inadequate pleading of his claim did not entitle him to a hearing, let alone relief on his claim.

Appellant failed to meet his burden to prove by a preponderance of the evidence that his conviction or sentence resulted from ineffective assistance of counsel. 42 Pa.C.S. § 9543(a)(2)(ii). He only alleged in his petition that his supposed expectation of a sentence lower than twenty-five to fifty years' imprisonment "were based upon off-the record promises, conversations, and averments by his counsel and the Commonwealth's attorneys." PCRA Petition, 7/8/22, 29. He did not elaborate on what "promises, conversations, and averments" occurred and did not include with his petition any signed certifications for intended witnesses for an evidentiary hearing as required by 42 Pa.C.S. § 9545(d)(1). His bald pleading did not permit the PCRA court to grant a hearing. *See Commonwealth v. Brown*, 196 A.3d 130, 193 (Pa. 2018) (a PCRA evidentiary hearing "is not meant to function as a fishing expedition for any possible evidence that may support some speculative claim of ineffectiveness") (citation omitted).

Even if Appellant had attempted to support his claim with a more specific pleading and a related proffer for an evidentiary hearing, he could not prevail on his claim because he was unable to support it with assertions that contradicted the statements he made in his oral plea colloquy. Initially, the plea colloquy contradicted any notion that plea counsel guaranteed Appellant a sentence lower than his negotiated term. It made clear that any decision on his cooperation in connection with a prosecution of a conspirator that could permit a lower sentence would be decided by the Commonwealth. N.T. 12/11/17, 27. If the Commonwealth was the lone arbiter of whether Appellant

- 11 -

would have fulfilled the necessary cooperation component of his plea agreement, and Appellant acknowledged his understanding as much, then plea counsel could not have logically promised him a term lower than the negotiated sentence. More importantly, Appellant affirmed the lack of any such guarantee when he confirmed in his plea colloquy that no one promised him anything, other than the parts of the plea agreement addressed in the colloquy, in order to get him to plead guilty. *Id.* at 29. Appellant was bound by that statement in his colloquy and could not prevail on his ineffectiveness claim by alleging an additional promise by asserting that he lied in giving his response in the colloquy. *Cf. Commonwealth v. McCauley*, 797 A.2d 920, 922 (Pa. Super. 2001) (defendant is bound by statements he makes during a plea colloquy, and may not assert grounds for withdrawing a plea that contradict statements made when he pleaded guilty); *see also Commonwealth v. Jabbie*, 200 A.3d 500, 506 (Pa. Super. 2018) (same).

The PCRA court properly concluded that Appellant's general challenge to the voluntariness of his plea was unreviewable as previously litigated and that his related ineffective assistance of counsel claim was undeveloped and meritless. In these circumstances, the PCRA court correctly dismissed his petition without a hearing. Accordingly, we shall affirm.

Order affirmed. Petition to withdraw as counsel granted.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 10/1/2024